OPINION
{¶ 1} Gregory B. Houston, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court, upon remand pursuant to In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, and under the authority of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, resentenced appellant to a term of incarceration.
 {¶ 2} For purposes of appellant's assignments of error herein, only a brief recitation of the facts is necessary. On August 5, 2004, the trial court entered a judgment and sentence upon a jury verdict finding appellant guilty of one count of aggravated burglary and one count of aggravated robbery, as well as firearm specifications included in each count. Appellant was sentenced to serve a ten-year prison term for each conviction, and an additional three-year prison term for the firearm specifications, with each sentence to run consecutively, for an aggregate term of 23 years. Appellant appealed to this court. InState v. Houston, Franklin App. No. 04AP-875, 2005-Ohio-4249, we affirmed the judgment of the trial court. Appellant then appealed to the Ohio Supreme Court, which reversed the trial court's judgment as it pertained to sentencing only, under the authority of Foster, supra. Upon remand, the trial court resentenced appellant to the same 23-year imprisonment term. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 [I.] The Court of Common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856 which purports to authorize sentences in excess of the statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 [II.] The Court of Common Pleas violated Appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing Appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, which purports to authorize the sentence rendered against Defendant Ashcroft, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 [III.] The Court of Common Pleas violated Appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing Appellant pursuant to the decision rendered by the Supreme Court of Ohio in State v. Foster
(2006), 109 Ohio St.3d 1, because the holding of Foster is invalid under Rogers v. Tennessee
(2001), 532 U.S. 451.
 [IV.] The Rule of Lenity requires the imposition of minimum and concurrent sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed.
 {¶ 3} Appellant's first, second, and third assignments of error are related, and will be addressed together. Appellant asserts in these three assignments of error that the trial court's sentencing order was violative of his right against ex post facto laws, due process rights, and right to a trial by jury. Essentially, appellant asserts in all of these assignments of error that the retroactive application ofFoster, supra, to his sentence is unconstitutional. In Foster, the Ohio Supreme Court held that, under the United States Supreme Court's decisions in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences. Id., at paragraph one of the syllabus. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences. Id., at ¶ 100.
 {¶ 4} Appellant argues that the severance remedy instituted inFoster violates his constitutional rights because the severance, in effect, raises the presumptive minimum sentence. Appellant maintains that, pursuant to the sentencing statutes in effect at the time his crimes were committed, there was a presumption of minimum and concurrent terms, and non-maximum sentences. This court recently addressed these issues in State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899. In Gibson, this court found the retroactive application ofFoster did not violate the right to due process and the ex post facto clause. We determined that we were bound to apply Foster as it was written. Id., at ¶ 15, citing State v. Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375. We explained that it is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event, inferior courts are bound by Ohio Supreme Court directives. Id., citing State v. Grimes, Washington App. No. 04CA17,2006-Ohio-6360; State v. Hildreth, Lorain App. No. 06CA8879,2006-Ohio-5058; and State v. Durbin, Greene App. No. 2005-CA-134,2006-Ohio-5125. We further reasoned in Gibson that, because the criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected, Foster did not violate due process notions. Id., at ¶ 16, citing State v. McGhee, Shelby App. No. 17-06-05,2006-Ohio-5162. We also noted that the Fifth District Court of Appeals in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, observed that several federal circuit courts have addressed these issues in relation to the United States Supreme Court's decision in State v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, and rejected similar arguments regarding ex post facto and due process violations.Gibson, at ¶ 16, citing Paynter, at ¶ 42.
 {¶ 5} In the present case, like the defendant in Gibson, appellant knew the statutory range of punishments at the time he committed the offenses for which he was convicted. The statutory range of punishments has not changed in light of Foster. Thus, Foster did not judicially increase appellant's sentence, and it did not retroactively apply a new statutory term to an earlier committed crime. Further, " `at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences.'" Id., at ¶ 18, citing Alexander, at ¶ 8. In addition, to the extent that appellant claims the trial court's sentence, as well as the remedy inFoster, violate his Sixth Amendment right to a trial by jury and the principles set forth in Apprendi, Blakely, and Booker, we find this argument unpersuasive. The trial court did not resentence appellant based upon any additional factual findings not found by a jury, and appellant did not receive greater than the statutory maximum based upon factual findings the jury did make, as prohibited by Blakely. Therefore, we conclude that the remedial holding of Foster does not violate appellant's constitutional rights. For these reasons, and based upon our rationale in Gibson, we overrule appellant's first, second, and third assignments of error.
 {¶ 6} Appellant argues in his fourth assignment of error that the trial court's sentence violated the rule of lenity. The rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous. Moskal v. United States (1990), 498 U.S. 103, 107-108,111 S.Ct. 461. Under the rule, ambiguity in criminal statutes is construed strictly so as to apply only to conduct that is clearly prescribed.United States v. Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219. The rule of lenity has been codified in R.C. 2901.04(A), which provides, in pertinent part: "(A) Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 7} Here, appellant claims that the remedy crafted inFoster, by which the judicially reconstructed statutory provisions are to be retroactively applied to pre-Foster prosecutions on remand, violates the rule of lenity by imposing the least lenient construction of the sentencing statute on a defendant being resentenced. However, the rule of lenity applies only where there is an ambiguity in a statute or conflict between multiple statutes. See Lanier, at 266. There exists no ambiguity in the sentencing statutes in Ohio because the Ohio Supreme Court held that portions of Ohio's felony sentencing framework were unconstitutional in Foster. See State v. Moore, Allen App. No. 1-06-51, at ¶ 12. See, also, State v. Elswick, Lake App. No. 2006-L-075,2006-Ohio-6860, at ¶ 43 (because R.C. 2929.14[B] is not ambiguous, the rule of lenity does not apply); State v. Green, Ashtabula App. No. 2005-A-0069, 2006-Ohio-6695, at ¶ 24 (the principle of lenity applies to the construction of ambiguous statutes, not to determinations of a statute's constitutionality or to the law regarding the retroactive effect of Ohio Supreme Court decisions). Therefore, the rule of lenity is not applicable to the circumstances in the present case, as appellant points out no ambiguity in the sentencing statutes, and Foster clearly and unambiguously severed the unconstitutional portions of the pertinent sentencing statutes. See Moore, supra (the rule of lenity has no bearing since Foster clearly and unambiguously severed the unconstitutional portions of these sentencing statutes). See, also, State v. Corbin, Allen App. No. 1-06-23, 2006-Ohio-6092, at ¶ 13 (the rule of lenity is not applicable because Foster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes). For these reasons, appellant's fourth assignment of error is overruled.
 {¶ 8} Accordingly, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
SADLER, P.J., and FRENCH, J., concur.