OPINION
{¶ 1} Defendant-appellant, Christopher M. Lariva, appeals from the judgment of the Franklin County Court of Common Pleas, in which the trial court, upon remand pursuant to In re Ohio Criminal SentencingStatutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶ 229, and under the authority of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, resentenced appellant to consecutive prison terms. *Page 2 
 {¶ 2} On November 1, 2004, appellant pled guilty to: (1) one count of aggravated vehicular homicide, a second-degree felony, in violation of R.C. 2903.06; and (2) two counts of aggravated vehicular assault, third-degree felonies, in violation of R.C. 2903.08. On December 15, 2004, the trial court held a sentencing hearing and sentenced appellant to the following consecutive prison terms: (1) seven years for the aggravated vehicular homicide count; (2) three years for one aggravated vehicular assault count; and (3) four years for the other aggravated vehicular assault count.
 {¶ 3} Ultimately, as noted above, the Ohio Supreme Court reversed the trial court's judgment as it pertained to sentencing only. Upon remand, the trial court imposed the same sentences as noted above.
 {¶ 4} Appellant appeals, raising one assignment of error:
 The trial court was without authority to impose consecutive terms of incarceration, as the sentence violated the Sixth Amendment to the United States Constitution.
 {¶ 5} In appellant's single assignment of error, appellant argues that the trial court resentenced him to consecutive sentences in violation of his constitutional rights to due process and a jury trial and in violation of his constitutional right against ex post facto laws. We disagree.
 {¶ 6} Appellant's constitutional arguments stem from the trial court resentencing him under Ohio's felony sentencing laws post-Foster. In Foster, the Ohio Supreme Court applied the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296. InApprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, *Page 3 
any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution and Fourteenth Amendment due process guarantees. Apprendi at 476-478, 497. In Blakely, the United States Supreme Court defined " `statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by the defendant."
(Emphasis sic.) Blakely at 303.
 {¶ 7} In Foster, the Ohio Supreme Court concluded that portions of Ohio's felony sentencing statutes violate the Sixth Amendment to the United States Constitution in the manner set forth in Blakely andApprendi. Foster at ¶ 50-83, and paragraphs one, three, and five of the syllabus. Specifically, the court stated that, under certain circumstances, the felony sentencing statutes unconstitutionally require a trial court to make "specific findings before imposing a sentence beyond that presumed solely by a jury verdict or admission of a defendant." Id. at ¶ 54.
 {¶ 8} As an example, here, before resentencing, the trial court originally imposed non-minimum sentences on appellant, pursuant to R.C.2929.14(E)(4), which stated:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the *Page 4 
offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 9} However, in Foster, the Ohio Supreme Court severed from Ohio's felony sentencing laws the unconstitutional statutes, such as R.C.2929.14(E)(4). Id. at ¶ 99. As a result, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences. Id. at ¶ 100.
 {¶ 10} Accordingly, here, the trial court resentenced appellant to consecutive prison terms under its full discretion to impose a prison sentence within the statutory range in accordance with theFoster severance remedy. Appellant notes that his original sentence was based on a sentencing scheme that did not provide such full discretion, and, thus, appellant argues that such full discretion from theFoster severance violated his constitutional rights to due process and to a jury trial and violated *Page 5 
his constitutional right against ex post facto laws. Accordingly, appellant contends that the above constitutional rights require that: (1) the Foster severance remedy not apply to him; and (2) in accordance with Blakely and Apprendi, the court impose minimum and concurrent sentences because neither a jury found nor appellant admitted the sentencing factors in R.C. 2929.14(E)(4).
 {¶ 11} However, in State v. Houston, Franklin App. No. 06AP-662,2007-Ohio-423, at ¶ 3-5, we rejected the exact constitutional arguments that appellant raises here. Specifically, in Houston, we concluded that the Foster severance remedy does not violate a defendant's due process rights and right against ex post facto laws because defendants, like appellant, had notice "of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected[.]" Id. at ¶ 4. We also concluded that theFoster severance remedy does not violate a defendant's jury trial rights when the trial court resentences a defendant, as here, without making "any additional factual findings not found by a jury" and, additionally, when the trial court resentences a defendant, as here, without exceeding "the statutory maximum based upon factual findings the jury did make[.]" Id. at ¶ 5. Lastly, in rejecting the above-noted constitutional arguments, we stated that "it is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event, inferior courts are bound by Ohio Supreme Court directives." Id. at ¶ 4.
 {¶ 12} Accordingly, based on the above, we conclude that, when the trial court resentenced appellant to consecutive prison terms pursuant to the Foster severance *Page 6 
remedy, the trial court did not violate appellant's constitutional rights to due process and a jury trial, and the trial court did not violate appellant's constitutional right against ex post facto laws. As such, we overrule appellant's single assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 KLATT and McGRATH, JJ., concur. *Page 1