DECISION
{¶ 1} Defendant-appellant, Carrie L. Taylor, appeals from a judgment of the Franklin County Court of Common Pleas resentencing defendant pursuant to her guilty plea. Defendant assigns a single error:
 APPLYING THE REMEDY CREATED IN STATE V. FOSTER AT DEFENDANT'S RE-SENTENCING HEARING VIOLATED DEFENDANT'S GUARANTEE TO DUE PROCESS AND THE CONSTITUTIONAL PROHIBITION ON EX POST FACTO LAWS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS. *Page 2 
Because the sentence the trial court imposed does not violate defendant's due process rights or the prohibition on ex post facto laws, we affirm.
 {¶ 2} On December 1, 2004, defendant entered a guilty plea to one count of engaging in a pattern of corrupt activity in violation of R.C.2923.32, one count of theft in violation of R.C. 2913.02, and one count of tampering with records in violation of R.C. 2913.42. The court ordered defendant incarcerated on the charges for concurrent terms of seven years, three years, and three years, respectively, all to run consecutively to the sentence imposed in another case charging defendant with criminal activity. The court further required defendant to make restitution in the amount of $779,438. Defendant appealed.
 {¶ 3} On appeal, defendant contended: (1) her sentence violatedBlakely v. Washington (2004), 542 U.S. 296; (2) the trial court abused its discretion in imposing non-minimum sentences on defendant; and (3) as relates to the other case, the trial court failed to specify what sentence would be imposed in the event defendant violated the terms of her community control. While this court overruled defendant's first two assignments of error, it sustained the third and remanded the case for resentencing. On remand, the trial court resentenced defendant in this case to the same sentence originally imposed. Defendant appealed.
 {¶ 4} On appeal, the Ohio Supreme Court reversed consistent withState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. On remand, the trial court resentenced defendant in this case, again imposing the same terms. Defendant appeals, contending the trial court's sentence violates her due process rights and the prohibition against ex post facto laws. *Page 3 
 {¶ 5} "In Foster, the Ohio Supreme Court held that under the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences." State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, at ¶ 30, citingFoster, supra, at paragraph one of the syllabus. To remedy the situation, "the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences." Id. at ¶ 3, citing Foster, supra, at ¶ 100. Defendant contends that because thepre-Foster statutory sentencing scheme did not allow the discretionFoster now provides, application of Ohio's statutes violates the constitutional protection to due process from ex post facto laws.
 {¶ 6} In Houston, supra, this court rejected the precise constitutional arguments defendant raises on appeal. "Specifically, inHouston we concluded that the Foster severance remedy does not violate a defendant's due process rights and right against ex post facto laws" because defendant "had notice `of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected[.]'" State v. Lariva, Franklin App. No. 06AP-758, 2007-Ohio-1012, at ¶ 11, citing Houston, supra, at ¶ 4. We similarly concluded that Foster does not violate a defendant's jury trial rights in resentencing a defendant where the court makes no *Page 4 
additional factual findings not found by a jury and sentences without exceeding "the statutory maximum based upon factual findings the jury did make[.]" Id., quoting Houston, supra, at ¶ 5. Finally, noting that our decision simply implements Foster, this court observed that "it is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event inferior courts are bound by Ohio Supreme Court directives." Houston, at ¶ 4.
 {¶ 7} Accordingly, the trial court did not violate defendant's due process rights or his protections against ex post facto laws in resentencing defendant to the same term of incarceration originally imposed. Defendant's single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 FRENCH and McGRATH, JJ., concur. *Page 1