DECISION
{¶ 1} Defendant-appellant, Steve E. Bright, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to maximum, consecutive sentences on his plea of guilty to three counts of gross sexual imposition. Defendant assigns a single error:
 THE TRIAL COURT DID NOT HAVE THE STATUTORY AUTHORITY TO IMPOSE MAXIMUM AND CONSECUTIVE SENTENCES AND A SENTENCE GREATER THAN THE MINIMUM SENTENCE AND THE IMPOSITION OF THIS *Page 2 
SENTENCE VIOLATED THE DEFENDANT'S SIXTH AMENDMENT AND DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE EQUIVALENT RIGHTS UNDER THE OHIO CONSTITUTION.
Because the trial court's sentence did not violate defendant's rights under the Due Process and Ex Post Facto clauses of the United States Constitution or equivalent provisions of the Ohio Constitution, we affirm.
 {¶ 2} By indictment filed June 8, 2006, defendant was charged with three counts of rape in violation of R.C. 2907.02 and two counts of gross sexual imposition in violation of R.C. 2907.05. Although he initially entered a not guilty plea, defendant on October 24, 2006 changed his plea to guilty to gross sexual imposition, a fourth-degree felony and to two counts of gross sexual imposition, third-degree felonies. The state entered a nolle prosequi to the remaining two counts.
 {¶ 3} On December 8, 2006, the trial court conducted a sentencing hearing that resulted in maximum sentences on each of the three charges to which defendant entered a guilty plea; the trial court ordered the sentences to be served consecutively. Defendant objected to the sentences, contending the remedy the Supreme Court imposed in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, to address the unconstitutional aspects of Ohio's sentencing scheme violates defendant's constitutional rights under both the Due Process and Ex Post Facto clauses of the United States Constitution and comparable provisions of the Ohio Constitution. The trial court rejected defendant's contentions and declared that the sentence would stand. On appeal, defendant, for the same reasons stated in the trial court, contends the trial court's sentence violates his constitutional rights. *Page 3 
 {¶ 4} "In Foster, the Ohio Supreme Court held that under the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences." State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, at ¶ 30, citingFoster, supra, at paragraph one of the syllabus. To remedy the situation, "the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences." Id. at ¶ 3, citing Foster, supra, at ¶ 100.
 {¶ 5} In Houston, supra, this court addressed and rejected the constitutional arguments defendant raises on appeal. "Specifically, inHouston we concluded that the Foster severance remedy does not violate a defendant's due process rights and right against ex post facto laws" because defendant "had notice `of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected[.]`" State v. Lariva, Franklin App. No. 06AP-758, 2007-Ohio-1012, at ¶ 11, citing Houston, supra, at ¶ 4. We similarly concluded that Foster does not violate a defendant's jury trial rights in resentencing a defendant where the court makes no additional factual findings not found by a jury and sentences without exceeding "the statutory maximum based upon factual findings the jury did make[.]" Id., quoting Houston, supra, at ¶ 5. Finally, noting that our decision simply implements Foster, this court *Page 4 
observed that "it is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event inferior courts are bound by Ohio Supreme Court directives." Houston, at ¶ 4.
 {¶ 6} Accordingly, the trial court did not violate defendant's due process rights or his protections against ex post facto laws in sentencing defendant to maximum, consecutive sentences. Defendant's single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1