OPINION
{¶ 1} Defendant-appellant, Tommy L. Hall ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, in which that court reimposed consecutive prison terms of 15 years to life for murder, seven years for attempted murder, and three years for firearm specifications, following remand from the Supreme Court of Ohio pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, certiorari denied, 127 S.Ct. 442, 166 L.Ed.2d 314. In re Ohio CriminalSentencing Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 23,847 N.E.2d 1174. *Page 2 
 {¶ 2} Appellant advances two assignments of error for our review, as follows:
 First Assignment of Error: At the resentencing hearing, imposition of greater than the minimum terms for an individual who had not previously served time in prison, and making those terms consecutive, violated the Sixth Amendment and due process guarantees of the federal constitution and the equivalent guarantees under the Ohio Constitution.
 Second Assignment of Error: The trial court erroneously imposed consecutive sentences.
 {¶ 3} In support of his first assignment of error, appellant argues that the imposition of non-minimum and consecutive terms violates his constitutional rights. Specifically, he contends that the remedy the Supreme Court of Ohio fashioned in Foster, supra, to address the unconstitutional aspects of Ohio's sentencing scheme, violates his constitutional rights under both the Due Process and Ex Post Facto Clauses of the United States Constitution and comparable provisions of the Ohio Constitution. Foster was decided after appellant committed the crimes for which he was convicted.
 {¶ 4} "In Foster, the Ohio Supreme Court held that, under the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences." State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, ¶ 3, discretionary appeal not allowed, 114 Ohio St.3d 1426,2007-Ohio-2904, 868 N.E.2d 680, citing Foster, supra, at paragraph one of the syllabus. *Page 3 
 {¶ 5} To remedy the situation, "the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant toFoster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences." Id. at ¶ 3, citing Foster, at ¶ 100.
 {¶ 6} Appellant argues that the Foster court's severance of R.C.2929.14(B), which relates to non-minimum sentences, and R.C.2929.14(E)(4), which relates to consecutive sentences, unlawfully deprived him of due process. Specifically, he argues that, as applied to him, the Foster decision operates as an ex post facto law because it inflicts a greater punishment upon him than would have the sentencing statutes in place at the time he committed his crimes. He argues that application of Foster to his case unlawfully divests him of the presumption of minimum and concurrent terms he claims he would have been afforded before Foster.
 {¶ 7} Appellant maintains that the Foster court should only have excised the judicial factfinding portions of R.C. 2929.14(B) and2929.14(E)(4), but should have left intact the portions of the statute that expressed presumptions in favor of minimum and concurrent sentences. He argues that we should reverse and remand for a third sentencing hearing.
 {¶ 8} We are bound to apply Foster as it was written. Sant v. HinesInterests Ltd. Partnership, Franklin App. No. 05AP-586, 2005-Ohio-6640, ¶ 19 ("[W]e [are] bound to follow precedent set by the Ohio Supreme Court[.]"). Likewise, the trial court was bound to apply Foster as written, and was not permitted to give appellant "the benefit of a state of law that never existed; [that is,] * * * `a sentence that comports with the *Page 4 Sixth Amendment requirements of [United States v.] Booker [(2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621] [and Foster], but [without] the possibility of a higher sentence under the remedial holdings ofBooker [and Foster].'" State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542, ¶ 28, quoting United States v. Jamison (C.A.7, 2005),416 F.3d 538, 539; see, also, State v. McGhee, Shelby App. No. 17-06-05,2006-Ohio-5162, discretionary appeal not allowed, 112 Ohio St.3d 1491,2007-Ohio-724, 862 N.E.2d 118, reconsideration denied,113 Ohio St.3d 1470, 2007-Ohio-1722, 864 N.E.2d 655.
 {¶ 9} As the Foster court noted, once the mandatory judicial factfinding is properly eliminated from R.C. 2929.14, "there is nothing to suggest a `presumptive term.'" Foster, at ¶ 96. Therefore, the court held, the sections that "either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]" Id. at ¶ 97. Thus, at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences.
 {¶ 10} Moreover, the Foster severance remedy does not violate a defendant's due process rights and right to be free from ex post facto laws because defendant "had notice `of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected[.]'" State v. Lariva, Franklin App. No. 06AP-758, 2007-Ohio-1012, ¶ 11, citing Houston, supra, at ¶ 4.[1] For these reasons, *Page 5 Foster does not violate appellant's right to due process and does not operate as an ex post facto law.
 {¶ 11} Accordingly, we overrule appellant's first assignment of error.
 {¶ 12} In support of his second assignment of error, appellant argues that the trial court erred when it imposed consecutive prison terms. InState v. Dean, Franklin App. No. 06AP-744, 2007-Ohio-3736, ¶ 6, we explained:
 This court recently considered the applicable standard of review for a felony sentence, particularly in light of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in which that court excised portions of Ohio's felony sentencing laws. In State v. Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, at ¶ 19, this court held that "R.C. 2953.08(G) requires us to continue to review felony sentences under the clear and convincing standard." Thus, "[p]ursuant to R.C. 2953.08(G), an appellate court may modify a sentence or remand for resentencing if the appellate court clearly and convincingly finds either the record does not support the sentence, or the sentence is contrary to law." State v. Tewolde, Franklin App. No. 06AP-764, 2007-Ohio-2218, at ¶ 7.
 {¶ 13} With this in mind, we now examine the record and review the sentencing statutes that the trial court was required to consider.
 {¶ 14} Appellant's convictions arose out of an incident that occurred on February 8, 2003, in the parking lot of the Dollhouse nightclub. On that night, appellant and his brother arrived at the Dollhouse shortly after victim Ricky Turner's group had been ejected from the club for fighting with some of appellant's friends. An argument ensued between Turner and appellant's brother, and appellant, concerned for his brother's safety, ran toward his brother. According to a witness, as appellant ran up, a friend of Turner's yelled to Turner, "Rick, he's got a gun." Turner began running, and *Page 6 
appellant chased after him, firing his handgun. Appellant fired nine shots, wounding Turner. A stray bullet struck and killed Tommy Lucas. At trial, appellant admitted to firing the shots, but claimed that he acted in self-defense when Turner produced a gun from the driver's side of his vehicle and raised it to fire. However, Turner maintained that he did not have a gun and the police never recovered the gun that Turner allegedly wielded.[2]
 {¶ 15} Appellant argues that nonminimum and consecutive sentences were unwarranted because appellant has never before served time in prison, he expressed sincere remorse, and, according to appellant, he was not involved in the original altercation, but acted only out of concern for his own safety and that of his brother.
 {¶ 16} R.C. 2929.11(A) provides: "[T]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.12(A) provides:
 Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence * * * for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 {¶ 17} R.C. 2929.12(B) provides, in pertinent part:
 The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and *Page 7 
any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 18} R.C. 2929.12(C) provides:
 The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 (1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 {¶ 19} R.C. 2929.12(D) provides:
 The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had *Page 8 
been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141
[2929.14.1] of the Revised Code.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 {¶ 20} R.C. 2929.12(E) provides:
 The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense. *Page 9 
 {¶ 21} Review of the transcript of the original sentencing hearing reveals that appellant had several juvenile delinquency adjudications, one for carrying a concealed weapon. As an adult, he had been convicted of disorderly conduct, but the record does not reveal that he had ever before served time in prison. When given the opportunity to speak on his own behalf, appellant told the court:
 I would like to apologize to Judge Crawford for taking his time by putting myself in this situation.
 I want the family of Tommy Lucas to know I am sincerely sorry for your loss and for the pain and tragedy I have caused your family. It saddens me to know I took the life of a young man that did not even have the chance to really begin life and all over a situation having nothing to do with Tommy Lucas or myself.
 My intentions upon approaching Ricky Turner were not to harm anyone but to try to resolve a situation occurring between him and my brother. I did not want any future problems to come out of the current one. By doing so, I was put in a position by Ricky Turner that evening having my back up against the wall, fearing for my life by which I made the decision to defend my life or be killed. Yes, it is a decision I do regret and one that will haunt me for the rest of my life.
 Tommy Lucas and myself were two young men with hopes and dreams which are now lost forever.
 Mr. and Mrs. Lucas, I am sincerely sorry for the loss of your son and I ask for your forgiveness.
 This was not a hate crime but a scared young man who just feared for his life and accidentally took the life of your son. I cannot stress how truly sorry I am. I just pray and hope maybe in time the pain and nightmares we feel will ease up eventually. I want you to know there is not a night that goes by that I don't pray and speak to Tommy Lucas and ask him for his forgiveness as I ask you for yours once again.
 * * * *Page 10 
 At this time, I would also like to send my apologies to Ricky Turner for the agony I have caused you. I can only imagine the pain and suffering you and your family have had to endure. Once again, I would like to apologize to everyone involved for my actions on February 8, 2003.
(Tr. Vol. II, 659-661.)
 {¶ 22} At the second sentencing hearing, appellant stated:
 It has been four years and still every single day I think of the event that has led me here today. * * * I pray for forgiveness and that all of our loved ones find the strength to make it through another day after all they have been through.
 * * *
 I hope you can see I am not a bad person but a young man that was at the wrong place at the wrong time.
(Resentencing Tr., 4.)
 {¶ 23} Thereafter, appellant's counsel stated, on the record:
 I explained to Tommy that the Court has reviewed the trial transcript through the appeal as well as the different issues with regard to the appeal that was heard by the Tenth District.
 Two weeks ago, Tommy, the Court had reviewed all of that and reviewed all of that with myself. So [the court] has reviewed pretty much the entire case file.
(Id. at 5.)
 {¶ 24} The trial court then stated, "[t]he court has had an opportunity to review the files as well as the appellate decisions, had some brief discussion with counsel regarding the case." (Id.) When the trial court pronounced the sentence to be imposed, it stated:
 The Court has considered as it relates to Count One and Two the purposes and principles of sentencing as set forth in [R.C.] 2929.11 and the factors set forth in Revised Code Section 2929.12. *Page 11 
 In addition, the Court has weighed the factors as set forth in the applicable provisions of Revised Code Section 2929.13 and 2929.14. The Court finds that the prison term obviously for the murder charge is mandatory in imposing the 15 years to life, with an additional three consecutive years for the gun spec in Count One and seven years for Count Two to be served at the Ohio Department of Rehabilitation and Corrections. The Court will run those terms consecutively.
 * * *
 In reviewing the prior case, one of the things that Judge Crawford did as it related to Count Two was not impose the maximum sentence because of the facts and circumstances that led up to this tragic situation because the victim obviously was not involved in what ultimately occurred. He was the person that happened to be in the wrong place at the wrong time.
 But after reviewing everything, the sentence that was previously imposed, it's the Court's belief that that was an appropriate sentence based upon the facts and the circumstances and the history.
(Id. at 6-7.)
 {¶ 25} The trial court has significant discretion in determining what weight, if any, it assigns to the statutory seriousness and recidivism factors and any other relevant evidence. State v. Vance, Franklin App. No. 06AP-1016, 2007-Ohio-4407, ¶ 84, citing State v. Arnett (2000),88 Ohio St.3d 208, 215, 724 N.E.2d 793.
 {¶ 26} Upon review of the record, we conclude that the trial court appropriately and thoughtfully considered the purposes and principles of felony sentencing, and the relevant factors. The imposition of consecutive sentences was supported by the record and was not contrary to law.
 {¶ 27} For all of the foregoing reasons, appellant's second assignment of error is without merit and is overruled. *Page 12 
 {¶ 28} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and McGRATH, JJ., concur.
[1] See, also, State v. Hudson, Franklin App. No. 06AP-335,2007-Ohio-3227; State v. Jones, Franklin App. No. 06AP-734,2007-Ohio-1466; State v. Henderson, Franklin App. No. 06AP-645,2007-Ohio-382, discretionary appeal not allowed, 114 Ohio St.3d 1413,2007-Ohio-2632, 867 N.E.2d 846; State v. Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375, discretionary appeal not allowed,113 Ohio St.3d 1444, 2007-Ohio-1266, 863 N.E.2d 659; State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, discretionary appeal not allowed,113 Ohio St.3d 1514, 2007-Ohio-2208, 866 N.E.2d 512.
[2] For a more complete recitation of the facts adduced at trial, see this court's opinion in State v. Hall, Franklin App. No. 04AP-17,2005-Ohio-335. *Page 1