OPINION *Page 2 
{¶ 1} Defendant-appellant Albert D. Tanner appeals his March 12, 2007 sentence in the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On March 19, 2003, Appellant was convicted of two counts of receiving stolen property and two counts of failure to comply with the order or signal of a police officer. On April 14, 2003, the trial court merged the two counts of receiving stolen property and the two counts of failure to comply with the order or signal of a police officer, and sentenced Appellant to one year in prison on the second count of receiving stolen property and five years in prison on the second count of failing to comply with the order or signal of a police officer, with the prison terms to be served consecutively.
 {¶ 3} Appellant filed an appeal with this Court, and on December 24, 2003 this Court affirmed Appellant's conviction and sentence.
 {¶ 4} On December 16, 2004, Appellant filed a motion for post-conviction relief, which was denied by the trial court on March 25, 2005.
 {¶ 5} Appellant then filed a federal habeas petition in the United States District Court for the Southern District of Ohio, Eastern Division. On February 21, 2007, the District Court vacated Appellant's sentence and ordered he be resentenced pursuant to the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296, and the Ohio Supreme Court's decision in State v. Foster (2006),109 Ohio St3d 1. *Page 3 
 {¶ 6} On March 12, 2007, via Judgment Entry, the trial court resentenced Appellant to an aggregate six year prison sentence, identical to Appellant's April 14, 2003 sentence.
 {¶ 7} Appellant now asserts the following as error on appeal from his resentencing.
 {¶ 8} "I. APPLICATION OF THE FOSTER REMEDIES TO A DEFENDANT WHO COMMITTED HIS OFFENSE(S) PRIOR TO THE ANNOUNCEMENT OF FOSTER VIOLATES A DEFENDANT'S RIGHT TO TRIAL BY JURY.
 {¶ 9} "II. THE FOSTER REMEDIES CONSTITUTE JUDICIAL LEGISLATION AND APPLICATION OF THE FOSTER REMEDIES TO A DEFENDANT WHO COMMITTED HIS OFFENSE(S) PRIOR TO THE ANNOUNCEMENT OF FOSTER IS VIOLATIVE OF THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION.
 {¶ 10} "III. APPLICATION OF THE FOSTER REMEDIES TO A DEFENDANT WHO COMMITTED HIS OFFENSE(S) PRIOR TO THE ANNOUNCEMENT OF FOSTER IS VIOLATIVE OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION UNDER ROGERS V. TENNESSEE (2001), 532 U.S. 451.
 {¶ 11} "IV. A COMMON PLEAS COURT LACKS JURISDICTION TO IMPOSE CONSECUTIVE SENTENCES FOR THE COMMISSION OF MULTIPLE FELONIES.
 {¶ 12} "V. THE RULE OF LENITY CODIFIED IN R.C. § 2901.04(A) REQUIRES THE IMPOSITION OF MINIMUM AND CONCURRENT SENTENCES FOR THOSE PERSONS WHO COMMITTED THEIR OFFENSES PRIOR TO THE *Page 4 
ANNOUNCEMENT OF THE OPINION IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1,2006-OHIO-856."
 {¶ 13} Appellant's assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 14} Appellant argues the trial court's application of theFoster remedies to a defendant who committed his offenses prior to the announcement of Foster is unconstitutional.
 {¶ 15} The Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, concluded trial courts have full discretion to impose a prison sentence within the statutory range, and are not required to make findings or give their reasons for maximum, consecutive, or greater than the minimum sentences.
 {¶ 16} As stated above, the crux of appellant's present argument is that the Foster remedy, i.e., his re-sentencing upon remand, violates his constitutional rights.
 {¶ 17} This Court exhaustively addressed the same issue in State v.Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542.
 {¶ 18} Further, in State v. Satterwhite 2007-Ohio-423, the Tenth District held the Foster severance remedy does not violate a defendant's right to a jury trial when the trial court resentences a defendant without making "any additional factual findings not found by a jury."
 {¶ 19} Based upon this Court's holding in Paynter and the Tenth District's opinion in Satterwhite, we find the sentence imposed in the case sub judice did not violate appellant's rights to a trial by jury, due process or the ex post facto clauses of the United States Constitution. *Page 5 
 {¶ 20} Appellant further asserts the trial court lacked jurisdiction to impose consecutive sentences for the commission of multiple felonies, and pursuant to the rule of lenity, was required to impose minimum and concurrent sentences.
 {¶ 21} As cited above, the Foster decision explicitly vests power with the trial court to impose consecutive sentences. "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences."Foster, 109 Ohio St.3d at 30.
 {¶ 22} Further, the rule of lenity only applies where there is an ambiguity in the statute or conflict between multiple statutes.United States v. Johnson (2000), 529 U.S. 53. The rule of lenity has no bearing on the present case since Foster clearly and unambiguously severed the unconstitutional portions of these statutes. State v.Moore 2006-Ohio-6860.
 {¶ 23} Based upon the above, Appellant's sentence in the Muskingum County Court of Common Pleas is affirmed.
 By: Hoffman, J. Gwin, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's sentence in the Muskingum County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1