DECISION
{¶ 1} Defendant-appellant, Rutilo Morales-Gomez, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to a maximum term of ten years of imprisonment as a result of his "Alford" plea to one count of involuntary manslaughter in violation of R.C. 2903.04. Defendant assigns a single error: *Page 2 
 FIRST ASSIGNMENT OF ERROR
 The trial court erred in sentencing Defendant-Appellant to a maximum prison term for Involuntary Manslaughter; and in sentencing Defendant-Appellant to more than the minimum sentence, in contravention of the Sixth Amendment to the United States Constitution and the Ex Post Facto and Due Process Clauses of the United States Constitution. Blakely v. Washington
(2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220; State v. Foster
(2006), 109 Ohio State 3d 1; State v. Hairston (2008) 2008-Ohio-2338.
Because the trial court's sentence is neither contrary to law nor an abuse of discretion, we affirm.
 {¶ 2} By indictment filed December 1, 2006, defendant was charged with one count each of murder, involuntary manslaughter, felonious assault, endangering children as a felony of the second degree, and endangering children as a felony of the third degree. All of the charges arose out of an incident on November 20, 2006 that led to the death of nine-month-old D.L.C. on November 22, 2006. Although defendant initially pleaded not guilty to each of the charges, on February 19, 2008 he entered an Alford plea to one count of involuntary manslaughter; the trial court entered a nolle prosequi regarding the other counts.
 {¶ 3} At the sentencing hearing conducted on March 27, 2008, the trial court sentenced defendant to the maximum period of incarceration permitted for the offense for which defendant was convicted, ten years with five years of post-release control. Defendant appeals, contending the sentence violates the due process and ex post facto provisions of the United States Constitution. Within the body of the argument supporting his assignment of error, defendant also asserts the trial court abused its discretion in imposing the maximum sentence. *Page 3 
I. Due Process and Ex Post Facto {¶ 4} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "the Ohio Supreme Court held that under the United States Supreme Court's decisions in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences." State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, at ¶ 30, appeal not allowed, 114 Ohio St.3d 1426, 2007-Ohio-2904. To remedy the situation, "the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences." Id. at ¶ 3, citing Foster, supra, at ¶ 100.
 {¶ 5} In Houston, supra, this court addressed and rejected the constitutional arguments defendant raises on appeal. "Specifically, inHouston, we concluded that the Foster severance remedy does not violate a defendant's due process rights and right against ex post facto laws" because defendant "had notice `of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected[.]'" State v. Lariva, Franklin App. No. 06AP-758, 2007-Ohio-1012, at ¶ 11, quoting Houston, supra, at ¶ 4.
 {¶ 6} Finally, defendant contends Foster is unconstitutional.Houston, however, not only noted this court simply implementsFoster, but observed that "it is unlikely the *Page 4 
Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event, inferior courts are bound by Ohio Supreme Court directives." Houston, at ¶ 4.
 {¶ 7} Accordingly, the trial court did not violate defendant's due process rights or his protections against ex post facto laws in sentencing him to a maximum term of incarceration.
II. Sentence Review Under R.C. 2953.08(G) {¶ 8} Defendant next argues that, even if the sentencing scheme sinceFoster does not violate defendant's constitutional rights, the trial court nonetheless abused its discretion in imposing the maximum sentence. The first issue arising from the parties' briefs is the standard of review to be applied to defendant's contentions.
 {¶ 9} Pursuant to R.C. 2953.08(G), an appellate court may modify a sentence or may remand for resentencing if the court clearly and convincingly finds the sentence is contrary to law. State v. Webb, Franklin App. No. 06AP-147, 2006-Ohio-4462, at ¶ 11, citing State v.Maxwell, Franklin App. No. 02AP-1271, 2004-Ohio-5660. This court held that R.C. 2953.08(G) requires us, in post-Foster cases, to continue to review felony sentences under the clear and convincing as contrary to law standard. State v. Burton, Franklin App. No. 06AP-690,2007-Ohio-1941, at ¶ 19. "In applying the clear and convincing as contrary to law standard, we would `look to the record to determine whether the sentencing court considered and properly applied the [non-excised] statutory guidelines and whether the sentence was otherwise contrary to law.'" Id., quoting State v. Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, at ¶ 16.
 {¶ 10} After Burton, the Ohio Supreme Court issued its decision inState v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912. In it, the plurality opinion decided an "appellate court *Page 5 
must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Id. at ¶ 14.
 {¶ 11} Once it has determined the sentence is not contrary to law, an appellate court must consider the trial court's application of R.C. 2929.11 and 2929.12 in light of Foster, which gave the trial court "full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." Id. at ¶ 17. Considering also that R.C. 2929.12 "explicitly permits a trial court to exercise its discretion in considering whether its sentence complies with the purposes of sentencing[,]" the court concluded "[i]t naturally follows, then, to review the actual term of imprisonment for an abuse of discretion." Id. The plurality opinion secured a fourth vote, with a separate opinion, that would apply a "contrary to law" standard to determine whether the trial court considered the R.C. 2929.11 and2929.12 factors, but would apply an abuse of discretion standard to the trial court's consideration of the factors in R.C. 2929.12(B) through (D) since they are discretionary. Whether we apply a contrary to law or abuse of discretion standard, defendant's contentions are unavailing.
 {¶ 12} Following the plea proceedings and the sentencing hearing, the state presented what its evidence would have shown. According to those statements, on November 20, 2006, Abdulia Conobio left the residence she shared with defendant and traveled to her place of employment. Although defendant asserted he did not return home until 6:30 p.m., Abdulia, after arriving at work, called her home around 4:00 p.m. to make *Page 6 
sure defendant was with her nine-month-old daughter, D.L.C. . Defendant sounded very angry when she spoke with him.
 {¶ 13} Around 6:00 p.m., defendant brought D.L.C. to Abdulia's place of employment, stating that the child was not breathing and was limp. The couple took D.L.C. to Doctors West Hospital and then to Children's Hospital. At Children's, the doctors and abuse team determined the injuries were acute and had just happened. They diagnosed bilateral retinal hemorrhages and acute subdural hematoma, all indicative of abusive head trauma, "not the type of cultural phenomenon that the defendant is reporting of shaking the baby gently by its ankles as a way to try to revive them." (March 27, 2008 Tr. 8.) On November 22, 2006, the child was pronounced dead at Children's Hospital. Doctor Jan Gorniak performed an autopsy on the child and determined the results were consistent with shaken impact syndrome or shaken impact of the child.
 {¶ 14} While the trial court also considered a presentence investigation, the document was not included in the record on appeal. The record, nonetheless, indicates defendant was born in Oaxaca, Mexico, one of the poorest regions of Mexico. About six years before the incident he came to the United States to work and help support his two children. During that time, he had no involvement with law enforcement. The incident at issue took place a few months after he and the child's mother began to share an apartment. In explaining, through counsel, his decision to enter an Alford plea, defendant acknowledged "[t]he child, after medical examination, did reveal some internal evidence that is consistent with what's commonly known as shaken baby syndrome." (March 27, *Page 7 
2008 Tr. 4-5). Through an interpreter, defendant said he was not guilty of what happened to the girl, he loved her very much, and he was sorry about what happened.
 {¶ 15} The overriding purposes of felony sentencing must guide a court that sentences an offender for a felony. R.C. 2929.11(A). Those purposes "are to protect the public from future crime by the offender and others and to punish the offender." Id. To carry out those purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Thus, a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing" set forth in R.C. 2929.11(A). R.C. 2929.11(B). The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Id.
 {¶ 16} In addition to the factors set forth in R.C. 2929.11, a trial court must consider the seriousness and recidivism factors outlined in R.C. 2929.12 to ensure that a sentence complies with the overriding principles of felony sentencing enunciated in R.C. 2929.11. R.C. 2929.12(A); State v. Arnett (2000), 88 Ohio St.3d 208, 213. R.C. 2929.12(A) allows the trial court to also consider "any other factors that are relevant" to the principles of felony sentencing.
 {¶ 17} Here, the trial court's sentencing entry expressly states that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." This court held such language in a court's judgment entry belies a defendant's claim that the trial court failed to consider the purposes of felony sentencing *Page 8 
as required in R.C. 2929.11 and 2929.12. State v. Daniel, Franklin App. No. 05AP-564, 2006-Ohio-4627, at ¶ 50. See, also, State v. Braxton, Franklin App. No. 04AP-725, 2005-Ohio-2198, at ¶ 27 (stating that "a rote recitation by the trial court that it has considered applicable factors under R.C. 2929.12 is sufficient for the trial court to satisfy its duty"); State v. Sharp, Franklin App. No. 05AP-809, 2006-Ohio-3448, at ¶ 6 (observing that a judgment entry stating the court considered the purposes and principles of sentencing supports a conclusion that a trial court considered requisite statutory factors prior to the sentencing of the defendant).
 {¶ 18} Moreover, on the facts of this case, we cannot say the trial court's maximum sentence is either contrary to law or an abuse of discretion. It falls within the range of sentences allowed for violation of R.C. 2903.04. Moreover, the victim in this case was a nine-month-old infant who was completely defenseless to what appears to have been a violent shaking that defendant perpetrated. Defense counsel acknowledged the evidence indicating a violent shaking, yet defendant denied all responsibility. With the facts presented, and defendant's response to them, we cannot say the trial court abused its discretion in sentencing defendant to a maximum term of incarceration.
 {¶ 19} For the foregoing reasons, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 McGRATH, P.J., and KLATT, J., concur. *Page 1