DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, James C. Bapst, appeals from the sentence of the Hocking County Court of Common Pleas. He contends the trial court abused it's discretion and erred to his prejudice when it sentenced him to a "non-minimum actual term of incarceration." We disagree. We find the trial court properly considered the required statutory factors before imposing its sentence, the sentence was in the statutory range for Appellant's offense, and the sentence was not otherwise contrary to law. Thus, we overrule his assignment of error and affirm the decision of the trial court. *Page 2 
I. Facts
 {¶ 2} In December of 2006, Appellant and five or six others, including the victim in this case, Allen Cope, were drinking together at a bar. At some point during the evening, a woman in the group said that Cope was touching her and she wanted him to quit. The ensuing assault on Cope, the events of which are described below, was presumably due to the woman indicating to another member of the group that Cope had touched her against her wishes.
 {¶ 3} After leaving the bar, the group, including Appellant and Cope, drove to a rural dirt road near a cornfield, stopped, and exited the vehicle. One of the men in the group approached Cope, striking him in the face several times and knocking him to the ground. At that point, Appellant and a third man in the group joined in the assault, punching and kicking Cope while he was down. During the assault, which lasted for a substantial period of time, Appellant retrieved a tire iron or pipe from the trunk of the vehicle and used it to strike Cope. While Appellant and the two others beat Cope, another man in the group videotaped the assault.
 {¶ 4} After the initial assault, the group (less Cope) got back in the vehicle and prepared to leave. At this point, Appellant saw that Cope had managed to get to his feet and was trying to flee. Appellant then jumped *Page 3 
back out of the vehicle and renewed his assault, striking the back of Cope's head. During this renewed attack, Appellant also held Cope's head in his hands while delivering multiple knee strikes to his face. After this second beating, Appellant and the rest of the group drove off, leaving Cope bleeding and unconscious in the cornfield.
 {¶ 5} Cope eventually managed to reach a nearby house. He was taken to a local hospital and, then, due to the severity of his injuries, immediately transferred to a Columbus hospital where he remained for several days. As a result of the attack, Cope sustained severe lacerations and contusions to the face and head. Almost three months after the assault, Cope was still under medical care and suffering severe, daily headaches.
 {¶ 6} Appellant was indicted in January of 2007 on one count each of kidnapping, aggravated robbery, felonious assault and engaging in a pattern of corrupt activity. As a result of a plea agreement, Appellant eventually pleaded no contest to felonious assault, a second degree felony, and the other counts of the indictment were dismissed. The trial court subsequently sentenced him to seven years imprisonment for the felonious assault charge. As a result of that sentence, Appellant filed the current appeal. *Page 4 
 II. Assignments of Error {¶ 7} 1. THE LOWER COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT ABUSED ITS DISCRETION AND SENTENCED HIM TO A NON-MINIMUM ACTUAL TERM OF INCARCERATION.
 III. Standard of Review {¶ 8} Initially we note that, post-Foster, there has been considerable uncertainty regarding the proper standard of review of felony sentencing. Before the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, Ohio appellate courts generally reviewed felony sentencing in accordance with RC. 2953.08(G)(2). That section provides:
 "The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 That the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)." (Emphasis added.) *Page 5 
 {¶ 9} The Foster Court, in striking portions of Ohio's felony sentencing laws as unconstitutional, because they created presumptive terms of incarceration or required judicial fact-finding, held the following: "* * * [W]e have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster at ¶ 100.
 {¶ 10} The Foster decision directly impacted R.C. 2953.08(G). After listing the severed and excised code sections, the Foster Court stated: "R.C. 2953.08(G), which refers to review of statutory findings for consecutive sentences in the appellate record, no longer applies."Foster at ¶ 97. Two paragraphs later, the court again referenced R.C. 2953.08(G): "The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies." Id. at ¶ 99.
 {¶ 11} Ohio appellate courts have had varying responses to theFoster decision as it applies to R.C. 2953.08(G) and felony sentencing. Some districts have taken the position that, post-Foster, felony sentencing is no longer reviewable under the clear and convincing standard of 2953.08(G) and that an abuse of discretion standard now applies. "After [Foster], the appellate court's standard of review when examining felony sentences is an *Page 6 
abuse of discretion." State v. Ogletree, 2nd Dist. No. 21995,2008-Ohio-772, at ¶ 13. "* * * Foster altered the appellate court's standard of review for sentencing appeals from clear and convincing to abuse of discretion." State v. Schweitzer, 3rd Dist. No. 2-06-25,2006-Ohio-6087, at ¶ 19." * * * [W]e recognized that the Foster Court's removal of R.C. 2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. (Citations omitted.) Therefore, the rule in the post Foster era is to review felony sentences under an abuse of discretion standard." State v. Blevins, 5th Dist. No. 07CAA060026, 2008-Ohio-840, at ¶ 9. "An appellate court may not set aside the sentence if there is no clear showing that the trial court abused its discretion." State v. O'Neill, 6th Dist. No. WD-06-055,2008-Ohio-818, at ¶ 38. "* * * Foster altered this Court's standard of review which was previously a clear and convincing error standard. (Citations omitted.) Accordingly, this Court reviews Appellant's sentence utilizing an abuse of discretion standard." State v.Smith, 9th Dist. Nos. 23468, 23464, 2007-Ohio-5524 at ¶ 30.
 {¶ 12} Other Ohio appellate courts have held that, despiteFoster, the clear and convincing language of R.C. 2953.08(G)(2) still applies. "Therefore, post-Foster, R.C. 2929.11 and 2929.12 remain in effect and we *Page 7 
review challenges made under these statutes under a de novo standard. * * * The court need not proffer its reasoning for the imposed sentence where the record sufficiently warrants such a sentence. Accordingly, we will uphold a sentence on appeal unless we find the record does not clearly and convincingly support the sentence or the sentence is contrary to law." State v. Clay, 8th Dist. Nos. 89339, 89340, 89341,2008-Ohio-314, at ¶ 10. "This court recently considered the applicable standard of review for a felony sentence, particularly in light of the Supreme Court of Ohio decision in [Foster] * * *. [T]his court held that `R.C. 2953.08(G) requires us to continue to review felony sentences under the clear and convincing standard.'" State v. Hall, 10th Dist. No. 07AP-292, 2007-Ohio-5017, at ¶ 12, quoting State v. Tewolde, Franklin App. No. 06AP-764, 2007-Ohio-2218, at ¶ 7.
 {¶ 13} The Eleventh District has held that, though the abuse of discretion standard applies in most cases involving felony sentencing, in some instances the clear and convincing language contained in R.C. 2953.08(G) is still germane. "We recognize that although the abuse of discretion standard will govern most post-Foster sentencing appeals, there are certain, limited circumstances in which the clear and convincing standard that was left unexcised by Foster, pursuant to R.C. 2953.08(G)(2)(b), would *Page 8 
still apply. For instance, if it is determined that a sentence is contrary to law because the sentence falls outside the applicable range of sentencing, and the trial court has failed to even consider R.C. 2929.11 and the factors enumerated in R.C. 2929.12, then the matter must be reviewed under the clear and convincing standard of R.C. 2953.08(G)(2)(b)." State v. Payne, 11th Dist No. 2006-L-272, 2007-Ohio-6740, at ¶ 19.
 {¶ 14} Until further guidance is provided by the Supreme Court of Ohio, we review felony sentences using a standard of review which is not limited to a simple abuse of discretion analysis. State v.Woodruff, 4th Dist. No. 07CA2972, 2008-Ohio-967, at ¶ 13. A trial court must consider all the statutory sentencing provisions which remain post-Foster, including R.C. 2929.11 (purposes of felony sentencing) and R.C. 2929.12 (seriousness and recidivism factors). "Failure to do so amounts to reversible error regardless of whether considered to be `contrary to law' or a `process flaw' under the abuse of discretion standard." State v. Nayar, 4th Dist. No. 07CA6, 2007-Ohio-6092, at 32. "Thus, we afford the trial court no deference in its application of the statutory analytical requirements that survive Foster" Id. at ¶ 33. However, if the trial court has properly considered the relevant statutory provisions, and if the sentence is not otherwise contrary to law (ie., conducted without a chance for elocution, in the absence of the defendant, etc.), *Page 9 
it has "full discretion to impose a prison sentence within the statutory range." In such instances, we afford the trial court the most deferential review regarding the length of sentences. Nayer at ¶ 33;Woodruff at ¶ 13.
 IV. Legal Analysis {¶ 15} As his sole assignment of error, Appellant contends the trial court erred by sentencing him to a non-minimum term of imprisonment. As previously stated, Appellant, as part of a plea agreement, pleaded no contest to one count of felonious assault. All other charges against him, including kidnapping, aggravated robbery and engaging in a pattern of corrupt activity, were dismissed as part of the agreement. The statutory maximum penalty for Appellant's offense of felonious assault is eight years of incarceration. The trial court sentenced him to seven.
 {¶ 16} Appellant correctly notes that trial courts are required to consider both R.C. 2929.11 and 2929.12 during sentencing. R.C. 2929.11
specifies the purposes of sentencing which are protecting the public from future crime and punishing the offender. R.C. 2929.11(A); State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 38. R.C. 2929.12 lists factors to be considered regarding the seriousness of the offense and likelihood of recidivism. R.C. 2929.12(A); Mathis at ¶ 38. *Page 10 
 {¶ 17} Appellant states a review of the facts demonstrates that he is unlikely to commit future crimes. He further contends the record does not mention any of the seriousness factors which the court must consider. Finally, he states the record is devoid of any mention of why the Court imposed the sentence that it did. We find the record contains ample evidence to refute these assertions.
 {¶ 18} First we note that the trial court's seven year sentence was within the statutory range for a second degree felony and was one year less than the court was entitled to impose for the offense. Secondly, in its sentencing entry, the court expressly stated that it considered the relevant statutory considerations: "The Court has considered the record, oral statements and any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12."
 {¶ 19} During the sentencing hearing, the court stated: "After his plea I ordered a presentence investigation. I received it. It is extensive. It consists of sixteen pages — seventeen pages, plus factors and recommendations." The court then listed Appellant's numerous prior convictions, both as a juvenile and as an adult, including: multiple assaults; disorderly conduct; menacing; theft; reckless operation; fictitious tags; *Page 11 
driving under suspension, and; domestic violence. After reciting his lengthy record the court noted that "[h]e has some work history in the middle of committing crimes."
 {¶ 20} Finally, immediately before imposing sentence, the court stated: "I've been on the bench nineteen years. This is one of the worst cases of felonious assault I've ever seen in my life. You should be very lucky you were not charged with felony murder because you beat this man twice with a deadly weapon."
 {¶ 21} In light of the foregoing, we affirm the trial court's sentence. The court indicated that it properly considered the required statutory sentencing factors. Because it did so, and because the imposed sentence is not otherwise contrary to law, we afford the trial court the most deferential review. Appellant argues that the record does not expressly mention the seriousness factors which the court considered. However, post-Foster, trial courts are no longer required to expressly state reasons for imposing more than minimum sentences. Foster at ¶ 100. Further, the trial court's statements concerning the severity of the assault and the extensive criminal history of Appellant provides ample grounds for its decision. Accordingly, we find the trial court had full discretion to impose a seven-year prison sentence for felonious assault. Appellant's assignment of error is overruled. *Page 12 
 V. Conclusion {¶ 22} In our view, Appellant has failed to establish his assignment of error. The trial court properly applied the required statutory sentencing provisions. Accordingly, because Appellant's sentence was within the statutory range and not otherwise contrary to law, the trial court had full discretion to impose the seven-year sentence for felonious assault. Appellant's assignment of error is overruled and the sentence of the trial court is affirmed.
 JUDGMENT AFFIRMED. *Page 13 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only.
 Harsha, J.: Concurs in Judgment and Opinion. *Page 1