DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. David Phillis, defendant below and appellant herein, pled guilty to aggravated burglary in violation of R.C. 2911.11(A)(1), and domestic violence in violation of R.C. 2919.25(A). *Page 2 
 {¶ 2} Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE OF FIVE YEARS, A NON-MINIMUM SENTENCE, FOR MR. PHILLIS, A FIRST TIME OFFENDER, AND FAILING [sic] TO TAKE INTO ACCOUNT SUBSTANTIALLY MITIGATING CIRCUMSTANCES."
 {¶ 3} Appellant and Kristin Davis were divorced in January 2005. Eight months later, Kristin moved to a new home in Beverly, Ohio, with her children. In the early hours of August 19, 2005, she awoke to find appellant attacking her. Their son, Jacob, heard the commotion and ran into the room and asked appellant "Dad, what are you doing?" Kristin told him to run to their neighbor who, in turn, called police.
 {¶ 4} The Washington County Grand Jury returned an indictment and charged appellant with aggravated burglary, robbery and domestic violence. Subsequently, he agreed to plead guilty to aggravated burglary and domestic violence in exchange for a dismissal of the robbery charge. The trial court accepted appellant's guilty pleas and sentenced him to five years imprisonment for aggravated burglary. The court imposed no sentence for the domestic violence charge because "the sentence would run concurrently." Appellant appealed that judgment, but we dismissed it for the lack of a final, appealable order. See State v. Phillis, Washington App. No. 06CA75, 2007-Ohio-6893.
 {¶ 5} On February 13, 2008, the trial court imposed a thirty day term of imprisonment for the domestic violence count, to be served concurrently with the 2006 sentence for the aggravated burglary conviction. This appeal followed.
 {¶ 6} Appellant asserts in his sole assignment of error that the trial court "did *Page 3 
not take into account . . . mitigating circumstances" and, thus, erred by sentencing him to a non-minimum sentence. We disagree.
 {¶ 7} Our analysis begins with identifying the standard of review to apply to the trial court's decision. The parties appear as confused on this issue as the appellate districts. Appellee argues for the application of an "abuse of discretion standard," and appellant argues, first, the standard to apply is "not abuse of discretion," but concludes with the argument that the trial court acted "unreasonab[ly] and unconscionab[ly]."[1]
 {¶ 8} This court had settled on a "hybrid" standard of review. See e.g. State v. Nayar, Lawrence App. No. 07CA6, 2007-Ohio-6092, at ¶ 32. This standard was recently explained in State v. Beaver, Washington App. No. 07CA62, 2008-Ohio-4513, at ¶ 7-8 as follows:
 "Thus, even after Foster, `[t]he appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law.' State v. Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, ¶ 15, citing R.C. 2953.08(G); see, also, State v. Rhodes, Butler App. No. CA2005-10-426, 2006Ohio-2401.
 Under this statutory standard, we neither substitute our judgment for that of the trial court nor simply defer to its discretion. State v. Mustard, Pike App. No. 04CA724, 2004-Ohio-4917, at ¶ 19, citing State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806; State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. Rather, we look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law. See State v. Parrish, Montgomery App. No. 21206, 2006-Ohio-4161, ¶ 62. *Page 4 
 In sentencing a felony offender, the sentencing court must consider the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12. Foster at ¶ 42. The court must impose a sentence that is reasonably calculated to achieve the two overriding purposes of felony sentencing, i.e., protecting the public from future crime by the offender and others and punishing the offender. R.C. 2929.11(A). It is within the court's discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). However, the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, and those set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism. R.C. 2929.12(A). Additionally, the court may consider any other factor that it deems relevant to achieving the principles and purposes of sentencing. Id."[2]
 {¶ 9} Thus, if a trial court had considered the relevant statutory provisions and the sentence is not otherwise contrary to law (1) the court had discretion to impose any sentence within the statutory range, and (2) and afforded the most deferential standard possible (abuse of discretion standard) in reviewing the length of the sentence.Nayar, supra, at ¶ 33; State v. Bapst, Hocking App. No. 07CA8,2008-Ohio-4286, at ¶ 14.
 {¶ 10} Recently, the Ohio Supreme Court spoke to this issue. InSate v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, at paragraph 4, a plurality of the court wrote:
 "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Page 5 
 {¶ 11} Thus, we continue to adhere to our aforementioned standard of review.
 {¶ 12} Appellant argues in the case sub judice that the trial court failed to consider the R.C. 2929.12(C) mitigating circumstances:
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:(1) The victim induced or facilitated the offense.(2) In committing the offense, the offender acted under strong provocation.(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 13} Although the trial court did not explicitly cite any portion of these provisions during the sentencing hearing, they were, as appellant notes, in fact discussed. Defense counsel argued that his client acted under strong provocation because his ex-wife allegedly denied him access to their children. In addition, although the trial court read from a victim impact statement that detailed the mental and emotional harm that appellant caused to his ex-wife, we have found nothing in the record to show that appellant caused any physical harm to either her or to her property.[3]
 {¶ 14} The record also reveals that appellant has severe alcohol problems and was involved in a 2003 motorcycle accident. Head trauma suffered during that accident has helped to contribute, along with alcoholism and drug abuse, to leaving appellant with "altered mental status" and a 79 IQ. Although competent to stand trial, a psychologist found that appellant suffered from "cognitive impairment" and *Page 6 
"disinhibition" which can cause appellant "to behave inappropriately despite knowledge of the consequences." "Head injured patients," the expert explained, "typically have difficulty stopping their behavior."
 {¶ 15} This is a sad and difficult case. However, this Court's function is not to evaluate the sentence and ask if we would have imposed a similar sentence, but, rather, to determine whether the trial court considered the statutory mitigating factors. In light of the fact that the court discussed the factors, we are not clearly and convincingly persuaded that the trial court failed to consider them before it imposed the five year prison sentence. Additionally, we are not persuaded that the sentence is otherwise contrary to law.
 {¶ 16} Although the statutory subsections may not have been explicitly identified and cited, the gist of those mitigating factors were discussed at length during sentencing. We note that defense counsel made an impassioned plea on appellant's behalf. Even the assistant prosecutor admitted "it's a real difficult sentencing issue on this case." Again, although some members of this Court might have opted to impose a different sentence, that is not the question that reviewing courts must ask when reviewing sentences post-Foster. We also point out that the trial court may have concluded that other concerns outweighed the mitigating factors. The trial court noted that the victim was accosted in her own bed and that the perpetrator is her ex-husband. Furthermore, although not expressly cited by the trial court, it is obvious that the couple's son suffered some emotional injury when he ran into his mother's bedroom to find his father assaulting his mother. The record is also replete with references to the divorce being "ugly". In light of the ongoing controversy, the trial court may well have *Page 7 
found that a lengthier prison sentence is necessary to protect both appellant and the victim.
 {¶ 17} In any event, having determined that the trial court considered the appropriate statutory factors and that the sentence is not contrary to law, we do not believe that the trial court abused its discretion by imposing a five year prison sentence. Accordingly, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] See State v. Bapst, Hocking App. No. 07CA8, 2008-Ohio-4286, at ¶ 11-13, for a thorough recitation of the numerous standards devised by various appellate districts since State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856.
[2] In the interest of full disclosure, it should be noted that some members of this panel previously adhered to the application of a strict abuse of discretion standard in reviewing sentences post-Foster. See State v. Cuble, Washington App. No. 07CA37,2008-Ohio-4602, at ¶ 10-11. Cuble, however, is inconsistent with the "hybrid" standard that applied here and, thus, should now be considered to be overruled. Once again, we await guidance on this issue from the Ohio Supreme Court.
[3] It is unclear how appellant gained access to the home that evening. *Page 1