[Cite as *State v. Hurst*, 2012-Ohio-2465.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA33 |
| | : | |
| vs. | : | **Released: May 29, 2012** |
| | : | |
| MICHAEL HURST, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

APPEARANCES:

John A. Bay, Bay Law Office, LLC, Columbus, Ohio, for Appellant.

James E. Schneider, Washington County Prosecutor, and Alison L. Cauthorn, Washington County Assistant Prosecutor, Marietta, Ohio, for Appellee.

McFarland, J.:

{¶1} Appellant Michael Hurst was indicted for 24 offenses, consisting of tampering with evidence, intimidation, and multiple counts of illegal use of a minor in a nudity-oriented material or performance. A jury convicted Appellant of all counts except intimidation. The trial court sentenced Appellant to an aggregate prison term of 26.5 years, running some of the counts concurrent to one another, and others consecutively. Appellant raises two assignments of error, arguing 1) the trial court erred by permitting the jury to view photographs of young girls in bathing suits not related to the charged offenses, and 2) the trial court abused its discretion when it sentenced Appellant to a prison term of 26.5 years. Having

reviewed the record, we find the trial court did not abuse its discretion in admitting the photographs or in sentencing Appellant. Accordingly, we overrule both of Appellant's assignments of error, affirming the trial court's judgment.

FACTS

{¶2} In 2009, Appellant lived with his child's mother, Jennifer McCloskey ("McCloskey"). McCloskey was using Appellant's computer when she inserted a USB flash drive ("flash drive") and browsed its contents. She saw files containing pictures of her younger sister, another young female, and child pornography.

{¶3} McCloskey gave the flash drive to the Marietta Police Department. Law enforcement executed a search warrant of Appellant's home, seizing his laptop computer, another flash drive, and his cell phone. Special Agent Brandon Hoyt ("Hoyt") of the Ohio Bureau of Criminal Identification and Investigation conducted a forensic examination of the devices and confirmed the presence of child pornography.

{¶4} Hoyt's examination of the devices provided crucial information. On the subject flash drive, there was a folder entitled "SYSTEM RESET DO NOT TOUCH." This was not a folder that came installed on the flash drive, nor was it created by another program; it was manually created by a person. The folder contained four subfolders entitled "FUCKED," HOTTT," "MD," and "PORN."

These subfolders were also manually created. The PORN subfolder contained the child pornography.

{¶5} The MD subfolder contained pictures of young females, the majority of which were of one particular female. The state proffered three photographs of this female, clad in a bikini, to establish a link between Appellant and the flash drive's contents. This link, once established, would not only tie Appellant to the flash drive's contents and the child pornography, but it would also rebut his defense that he had no knowledge of the flash drive or its contents.

{¶6} M.D., a 17-year-old female, testified the three subject photos were of her, though she was 15 when she took them. M.D. had posted the pictures on her MySpace account. The privacy settings on her account prevent anyone who was not on her friends list from viewing her photos. M.D. testified she had met Appellant on MySpace and he was on her friends list, giving Appellant access to her pictures.

{¶7} In addition to this testimony, Hoyt was able to link Appellant to the flash drive's contents. Hoyt created a timeline, based upon his forensic investigation of the laptop, flash drive, and cell phone. On February 5th Appellant had photographed himself with his cell phone and downloaded the self-portraits to his laptop computer. Within minutes, the computer created LNK ("link") files associated with files on the flash drive. Link files are created when a user

manually accesses a file (as opposed to a software program accessing the file), and they permit rapid access, or a link, to recently viewed files. The fact that link files pertaining to the flash drive's contents were created meant a person was manually accessing the files on the flash drive.

{¶8} In close proximity to the creation of the link files, the person using the laptop began editing the photos Appellant had just taken of himself with his cell phone. The user also edited a photo of M.D. and saved it to the MD subfolder on the flash drive. Additionally, photos of M.D. on the flash drive were accessed at 10:13 p.m., while one of the pornographic videos finished downloading on the laptop at 10:25 p.m., which the user transferred to the flash drive at 10:30 p.m.

{¶9} Hoyt testified while there was no absolute way to know who was using a computer at a given time, all of this information was a strong indicator Appellant was the one who was using the computer and had downloaded the child pornography and transferred it to the flash drive. With additional evidence, the jury convicted Appellant of every charged count, save the intimidation charge.

{¶10} At sentencing, the state did not argue for the maximum sentence and acquiesced to the court imposing concurrent sentences for multiple counts committed on the same day, but did request a consecutive sentence for the tampering with evidence charge. The trial court then listened to Appellant and his counsel. Appellant argued for concurrent sentences and presented evidence of his

prior military service and the relative minor nature of his criminal history. The court made findings regarding Appellant's likelihood to recidivate, the seriousness of the crimes, and its consideration of the purposes and principles of sentencing. The trial court sentenced Appellant to an aggregate prison term of 26.5 years, which he now appeals.

### ASSIGNMENTS OF ERROR

I. The trial court committed prejudicial error and denied [Appellant] due process of law by permitting the jury to view photographs of young girls in bathing suits not related to the charged offenses.

II. The trial court abused its discretion when it sentenced [Appellant] to a cumulative prison term of 26.5 years.

### I. Admission of Non-pornographic Photographs

{¶11} In his first assignment of error, Appellant argues the trial court erred when it permitted the jury to view nearly a half dozen photographs, including several of M.D., a bikini-clad 15-year-old, because they were prejudicial and unrelated to the charged offenses. We disagree.

### A. Standard of Review

{¶12} "The admission of evidence is within the sound discretion of the trial court." *State v. Knauff*, 4th Dist. No. 10CA900, 2011-Ohio-2725, at ¶ 22, citing *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, at paragraph two of the

syllabus. "Absent an abuse of that discretion, an appellate court will not disturb a trial court's ruling on the admissibility of evidence." *State v. Blevins*, 4th Dist. No. 10CA3353, 2011-Ohio-3367, at ¶ 31, citing *State v. Martin* (1985), 19 Ohio St.3d 122, 129, 483 N.E.2d 1157 (per curiam). "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. "Under this highly deferential standard of review, we may not simply substitute our judgment for that of the trial court." *Woody v. Woody*, 4th Dist. No. 09CA34, 2010-Ohio-6049, at ¶35, citing *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. "Rather, we are limited to determining whether considering the totality of the circumstances, the trial court acted unreasonably, arbitrarily or unconscionably." Id., citing *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 222, 459 N.E.2d 896, citing *Blakemore*, 5 Ohio St.3d at 218-220.

## B. Legal Analysis

{¶13} "Generally, extrinsic acts may not be used to suggest that the accused has the propensity to act in a certain manner." *State v. Crotts*, 104 Ohio St.3d 432, 2004-Ohio-6550, 820 N.E.2d 302, at ¶ 18, citing Evid.R. 404(B) and *State v. Smith* (1990), 49 Ohio St.3d 137, 140, 551 N.E.2d 190. "However, there are exceptions."

Id.  "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as * * * knowledge, identity, or absence of mistake or accident."  Evid.R. 404(B).

{¶14} Furthermore, Evid.R. 401 provides "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice * * *."  Evid.R. 403(A).  "Exclusion on the basis of unfair prejudice involves more than a balance of mere prejudice.  If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under Rule 403.  Emphasis must be placed on the word 'unfair.'  Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision.  Consequently, if the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial."  (Internal quotation marks omitted.)  *Crotts* at ¶ 24, quoting *Oberlin v. Akron Gen. Med. Ctr.* (2001), 91 Ohio St.3d 169, 172, 743 N.E.2d 890, quoting Weissenberger's Ohio Evidence (2000) 85-87, Section 403.3.

{¶15} Here, the photos were properly admitted under Evid.R. 404(B) to establish identity and knowledge. The photos were of M.D. M.D. testified she had spoken with Appellant through MySpace and added him to her friends list, giving him access to those photos of her. This linked Appellant to the photos of M.D. on the flash drive, in the "MD" subfolder.

{¶16} Logically, having submitted evidence that linked Appellant to the creation and contents of the MD subfolder, the jury could infer Appellant also created the other subfolders, including the PORN subfolder that housed the child pornography, and he knew of the subfolders' contents. Such an inference would identify Appellant as the person who transferred the child pornography to the flash drive, and incidentally establish his knowledge of having done so. Thus, the trial court was warranted in admitting the subject photos into evidence under Evid.R. 404(B) and it did not abuse its discretion in doing so.

{¶17} Likewise, the photos are relevant for the same reasons. The photos help establish critical links between Appellant, the flash drive, and the subfolders. Appellant's objection at trial was the photos were prejudicial and he was not charged with possession of those pictures (they are not pornographic). On appeal, Appellant argues the photos portrayed him as "a deviant person interested in photographs of local female children," which damaged his credibility and persuaded the jury to convict him.

**{¶18}** While Appellant claimed the photos were prejudicial, he has not demonstrated unfair prejudice outweighs the photos probative value. In a slightly different context concerning autopsy photos, we have held "[t]he relevant inquiry however, is whether that prejudice is outweighed by the photograph's probative value." *State v. Bennett*, 4th Dist. No. 05CA2997, 2006-Ohio-2757, at ¶ 45, citing *State v. Skatzes,* 104 Ohio St.3d 195, 819 N.E.2d 215, 2004-Ohio-6391, at ¶ 116; *State v. Maurer* (1984), 15 Ohio St.3d 239, 264, 473 N.E.2d 768. Indeed, the text of Evid.R. 403(A) focuses not on whether prejudice exists at all, but rather dictates the court balance the danger of unfair prejudice against the evidence's probative value.

**{¶19}** Other courts have reached varying conclusions when reviewing the danger of unfair prejudice in admitting particular photographs. See *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, at ¶ 134 (affirming the admission of admittedly gruesome crime scene photographs, holding they were relevant on issues of intent and showed the manner and circumstances surrounding the deaths); *State v. Barnett*, 12th Dist. No. CA2008-03-069, 2009-Ohio-2196, at ¶ 42-48 (holding the admission of a photograph of the defendant holding a TEC-9, which could be converted to an automatic weapon, was relevant and probative to the automatic weapon specification and was not unfairly prejudicial); *State v. Stewart*, 10th Dist. No. 08AP-33, 2009-Ohio-1547 (holding

the admission of a photograph, wherein the defendant was possibly looking down an alleged rape victim's dress, was not unfairly prejudicial when used to impeach a witness' statement the defendant had no sexual interest in the victim). But, compare, *State v. Wild*, 2d Dist. No. 2009 CA 83, 2010-Ohio-4751, at ¶ 34-39 (holding the admission of photos containing uncharged child pornography, even though they may tend to show motive, intent, and identity, were unfairly prejudicial and inflammatory); *State v. Burkhammer* (Mar. 21, 1996), 10th Dist. No. 95APA10-1356 (though not dealing with photographs, the court stated, "to some jurors acknowledging that one is sexually attracted to children is the same as [labeling] oneself a 'pervert.' To such jurors, an acknowledgment of sexual attraction to children could be tantamount to an admission of guilt, no matter what the other evidence might indicate. For such jurors, the probative value is clearly outweighed by unfair prejudice.").

{¶20} Likewise, admission of the subject photographs is not a foregone conclusion. On the one hand, admitting evidence that Appellant possessed nearly 150 photos of a 15-year-old female, some of which showed her in a bikini, poses a risk of the jury labeling Appellant a deviant or a pedophile and convicting him on that basis alone. On the other hand, the photos are probative of Appellant's knowledge of the flash drive's contents and probative of the identity of the person

who was operating the computer when the pornography was transferred to the flash drive.

{¶21} Given these competing interests, we cannot say the danger of unfair prejudice substantially outweighed the evidence's probative value. We find the trial court did not abuse its discretion and accordingly, we may not disturb its decision to admit the photographs. Thus, we overrule Appellant's first assignment of error.

## II. Sentencing

{¶22} In his second assignment of error, Appellant argues the trial court abused its discretion when it sentenced him to an aggregate prison term of 26.5 years. Appellant contends the trial court should have run the sentences concurrently, resulting in an aggregate prison term of only seven years. We disagree.

## A. Standard of Review

{¶23} When reviewing felony sentences, this Court follows the two-step approach the Supreme Court of Ohio outlined in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 4. See *State v. Welch*, 4th Dist. No. 08CA29, 2009-Ohio-2655, at ¶ 6. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If

this first prong is satisfied, [that is, if the sentence complies with the law,] the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Kalish* at ¶ 4. "As to the first step, the *Kalish* court did not clearly specify what 'pertinent laws' we are to consider to ensure that the sentence 'clearly and convincingly' adheres to Ohio law. The only specific guideline is that the sentence must be within the statutory range * * *." *State v. Ross*, 4th Dist. No. 08CA872, 2009-Ohio-877, at ¶ 10.

{¶24} "[T]rial courts have full discretion to impose sentences within the statutory range and determine whether a sentence satisfies the overriding purposes of Ohio's sentencing statutes." *Welch* at ¶ 11. "'[I]n order for there to be an abuse of discretion, the trial court's decision must be "* * * so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but perversity of will; not the exercise of judgment, but defiance of judgment; and not the exercise of reason, but, instead, passion or bias.'" *Welch* at ¶ 12, quoting *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.

B. Legal Analysis

{¶25} Here, Appellant's sentences for the various counts were within the statutory range:

Count 1:          Tampering with evidence, R.C. 2921.12(A)(2), a third degree felony

Range: 1-5 years    Sentence: 4 years

Counts 3-10:    Illegal use of a minor in nudity oriented material or

performance, R.C. 2907.323(A)(1), a second degree

felony

Range: 2-8 years    Sentence: 7 years each count

Count 11:    Illegal use of a minor in nudity oriented material or

performance, R.C. 2907.323(A)(1), a second degree

felony

Range: 2-8 years    Sentence: 7 years

Counts 12,13:    Illegal use of a minor in nudity oriented material or

performance, R.C. 2907.323(A)(1), a second degree

felony

Range: 2-8 years    Sentence: 7 years each count

Counts 14-21:    Illegal use of a minor in nudity oriented material or

performance, R.C. 2907.323(A)(3), a fifth degree felony

Range: 6-12 months    Sentence: 6 months each count

Count 22:    Illegal use of a minor in nudity oriented material or

performance, R.C. 2907.323(A)(3), a fifth degree felony

Range: 6-12 months    Sentence: 6 months

Counts 23-24:      Illegal use of a minor in nudity oriented material or

performance, R.C. 2907.323(A)(3), a fifth degree felony

Range: 6-12 months      Sentence: 6 months each count

{¶26} Appellant does not argue, nor do we find, his sentence is clearly and convincingly contrary to Ohio law.  As such, Appellant's sentence satisfies the first prong of *Kalish* and we review his sentence for an abuse of discretion.

{¶27} Appellant's argument why he should be resentenced is thus: "Given [Appellant's] relatively minor criminal record, his [14] years of military service, and his devotion to his daughters and family, the 26.5-year prison sentence imposed by the trial court was an abuse of discretion."  (Appellant's Br. at 8.) However, we may not substitute our judgment for that of the trial court.  The trial court considered the appropriate statutory factors before sentencing Appellant and did not abuse its discretion when it sentenced Appellant.

{¶28} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio excised portion of the sentencing statutes that required judicial fact-finding.  "[T]rial courts now 'have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.'" *State v. Adams*, 4th Dist. Nos. 04CA2959, 05CA2986, 2009-Ohio-6491, at ¶ 90, quoting *Foster* at paragraph seven of the syllabus.  "However, they

must still consider R.C. 2929.11 and R.C. 2929.12 before imposing a sentence."

*Adams* at ¶ 90, citing *Kalish* at ¶ 13. Still, we are mindful "this Court's function is

not to evaluate the sentence and ask if we would have imposed a similar sentence,

but, rather, to determine whether the trial court considered the statutory mitigating

factors." *State v. Phillis*, 4th Dist. No. 08CA13, 2008-Ohio-6748, at ¶ 15.

{¶29} R.C. 2929.11(A) provides, "[t]he overriding purposes of felony

sentencing are to protect the public from future crime by the offender and others

and to punish the offender."[1] R.C. 2929.12 requires the trial court consider the

seriousness of the crime and the likelihood the offender will recidivate.

{¶30} Here, the trial court properly considered the purposes of sentencing

under R.C. 2929.11 and the seriousness of the offenses and Appellant's likelihood

to recidivate under R.C. 2929.12. (Tr. at 1366.) Specifically, the trial court noted

Appellant had a past criminal record and committed the offenses while he was on

community control, making him not amenable to community control and more

likely to recidivate. (Sentencing Entry at 3.) There were no factors present

making Appellant less likely to recidivate. (Id.) There were no factors present

making Appellant's conduct more or less serious that conduct normally

constituting such crimes. (Id.) The court also found a prison term was reasonably

calculated to achieve the purposes and principles of sentencing, and noted it had

---

[1] Former version of R.C. 2929.11.

"considered the need for incapacitating the offender and deterring the offender and others from future crime, and for rehabilitating the offender." (Id. at 3-4.)

{¶31} Moreover, the trial court also heard Appellant and his counsel on the issue of mitigation. Thus, Appellant does not bemoan the trial court's failure to consider mitigating factors, but rather he bemoans the weight the trial court assigned to them. Such a claim has no merit.

{¶32} As Appellant's sentence was not contrary to law and the trial court considered the appropriate statutory factors, we find the trial court did not abuse its discretion in sentencing Appellant. Accordingly, we overrule Appellant's second assignment of error.

**JUDGMENT AFFIRMED**.

Harsha, J., concurring:

{¶33} I concur in judgment only on the second assignment of error because ¶23 of the opinion states *Kalish*, *supra*, does not give specific guidance concerning what "pertinent laws" we are to consider. The opinion concludes "The only specific guideline is that the sentence must be within the statutory range * * *." However, *Kalish* makes it clear that in determining whether the court's sentence is contrary to law, we must also make sure the court considered the purpose and principles of R.C. 2929.11, the factors listed in R.C. 2929.12, and whether the court properly applied postrelease control. *Kalish* at ¶18.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment and Opinion as to Assignment of Error I and Concurs in Judgment Only with Opinion as to Assignment of Error II.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**