[Cite as *State v. Carver*, 2013-Ohio-2113.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3505 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| DAVID L. CARVER, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 05/15/13** |

_____

APPEARANCES:

George L. Davis, IV, Portsmouth, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. Appellant, David L. Carver, pled guilty to: 1) an amended charge of voluntary manslaughter in violation of R.C. 2903.03; 2) having a weapon under disability in violation of R.C. 2923.13(A)(2); and 3) tampering with evidence in violation of R.C. 2921.12(A), in addition to firearm and repeat violent offender specifications. On appeal, Appellant contends that the trial court abused its discretion in imposing sentence. In light of our determination that the sentences imposed

by the trial court were not contrary to law and that the trial court did not abuse its discretion in imposing them, Appellant's sole assignment of error is overruled.  Accordingly, the decision of the trial court is affirmed.

FACTS

{¶2}  We recount the facts as set forth in our first consideration of this matter in *State v. Carver*, 4th Dist. No. 10CA3337, 2012-Ohio-3479.  In the early evening of July 22, 2009, Crystal Bennett was shot in the Scioto Trail area of Portsmouth.  When police first arrived at the scene, Appellant reported that he and the victim (his girlfriend) were victims of a robbery gone awry.  Appellant, however, changed his account of the events several times that evening and, eventually, admitted that he held the gun when it fired.  Bennett later died.

{¶3}  The Scioto County Grand Jury returned an indictment that charged Appellant with two counts of murder, possession of a weapon while under disability and tampering with evidence, along with firearm and repeat violent offender specifications.  Appellant initially pled not guilty, but later agreed to plead guilty to an amended count of voluntary manslaughter as well as the non-homicide counts.

{¶4}  At the May 19, 2010, hearing, the trial court endeavored to determine if Appellant was familiar with his rights and if his plea was

knowing and voluntary. The court accepted Appellant's plea, found him guilty of the three charges and sentenced him to serve ten years imprisonment for voluntary manslaughter, four years for having a weapon under disability, four years for tampering with evidence, three years on the firearm specification and nine years on the repeat violent offender specification with the sentences to be served consecutively for an aggregate total of thirty years in prison. Appellant filed an appeal from the trial court's decision and sentence at that time; however, we dismissed that appeal for lack of a final, appealable order after we determined that the original murder count was unresolved and still pending. As a result, the trial court dismissed the remaining, pending charge on August 9, 2012. Appellant now brings his current appeal, assigning the following error for our review.

## ASSIGNMENT OF ERROR

"I.     THE COURT ABUSED ITS DISCRETION IN IMPOSING
        SENTENCE."

## LEGAL ANALYSIS

{¶5} In his sole assignment of error, Appellant contends that the trial court abused its discretion in imposing sentence. Appellant argues that "the record of the Sentencing Hearing is silent in it entirety to the trial court's specific consideration of any factors relating to seriousness, or mitigation, pursuant to Ohio Revised Code § 2929.12." Appellant further argues that

while the sentencing entry makes reference the presence of factors indicating that the offender's conduct was more serious than conduct normally constituting the offense, there was no such reference during the sentencing hearing.

{¶6} When reviewing felony sentences, this Court follows the two-step approach the Supreme Court of Ohio outlined in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4; see *State v. Welch*, 4th Dist. No. 08CA29, 2009-Ohio-2655, ¶ 6. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, [that is, if the sentence complies with the law,] the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Kalish* at ¶ 4. "As to the first step, the *Kalish* court did not clearly specify what 'pertinent laws' we are to consider to ensure that the sentence 'clearly and convincingly' adheres to Ohio law. The only specific guideline is that the sentence must be within the statutory range * * *." *State v. Ross*, 4th Dist. No. 08CA872, 2009-Ohio-877, ¶ 10.

{¶7} "[T]rial courts have full discretion to impose sentences within the statutory range and determine whether a sentence satisfies the overriding

purposes of Ohio's sentencing statutes." *Welch* at ¶ 11. " '[I]n order for there to be an abuse of discretion, the trial court's decision must be " * * * so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but perversity of will; not the exercise of judgment, but defiance of judgment; and not the exercise of reason, but, instead, passion or bias.' " *Welch* at ¶ 12; quoting *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

{¶8} Here, Appellant's sentences for his various offenses and specifications were within the statutory range:[1]

Count 2:  Voluntary Manslaughter, R.C. 2903.03, a first degree felony
Range: 3 to 10 years / Sentence: 10 years

Count 3:  Weapon under Disability, R.C. 2923.13(A)(2), a third degree felony
Range:  1 to 5 years / Sentence: 4 years

Count 4:  Tampering with Evidence, R.C. 2921.12(A), a felony of the third degree
Range:  1 to 5 years / Sentence: 4 years

Firearm Specification, R.C. 2941.145
Sentence: Three years as provided under R.C. 2929.14(D)(1)(a)(ii)

Repeat Violent Offender Specification, R.C. 2941.149
Sentence:  Nine years as provided by R.C. 2929.14(D)(2)(b)

---

[1] We apply the versions of R.C. 2929.14 and 2929.01 that were in effect at the time Appellant committed these crimes, which versions both became effective April 7, 2009.

{¶9} The only actual argument advanced by Appellant with respect to the first prong of *Kalish* relates to the sentences imposed for the voluntary manslaughter conviction and the repeat violent offender specification. Appellant contends that the trial court, in its journal entry, made a finding related to Appellant's conduct being more serious than the norm, which finding it did not make in open court during Appellant's sentencing hearing.[2]

{¶10} Appellant's sentence on the voluntary manslaughter conviction, while it was the maximum, was within the statutory range and thus was not contrary to law. Further, R.C. 2929.14(D)(2)(b) provides that an additional definite prison term of one to ten years shall be imposed on offenders pleading guilty to a repeat violent offender specification of the type described in R.C. 2941.149, of which Appellant pled. More specifically, R.C. 2929.14(D)(2)(b)(i)-(iii) provides that an offender shall be sentenced to such additional prison term if: 1) he or she is not sentenced to life imprisonment without parole on the first degree felony that is an offense of violence that he or she is currently pleading to; and 2) he or she, within the last twenty years, has been convicted of or pleaded guilty to three or more offenses described in (CC)(1) of section 2929.01 of the Revised Code. The "three or more offenses" can include the current offense to which an

---

[2] This finding is actually referred to in R.C. 2929.14(D)(2)(b)(v).

offender is pleading.  For our purposes, R.C. 2929.01(CC)(1)-(2) essentially provides that a "repeat violent offender" is a person that is currently being sentenced for committing "* * * any felony of the first or second degree that is an offense of violence," and has been previously "convicted of or pleaded guilty to an offense described in * * * this section."

**{¶11}** Here, a review of the record indicates that the trial court made the necessary findings required for imposition of an additional definite prison term under R.C. 2929.14(D)(2)(b) in connection with Appellant's plea to the repeat violent offender specification.   For instance, at the sentencing hearing, the trial court stated on the record that

> "I find that the offense of voluntary manslaughter that he
>
> entered a plea to is a felony of the first degree which is an
>
> offense of violence.  And the Court is not permitted under Ohio
>
> law to impose a sentence of life in prison without parole."

As such, the trial court imposed a ten year sentence for Appellant's voluntary manslaughter conviction.

> The trial court further stated on the record as follows:
>
> "Having found that you have a prior conviction of a felony 1
>
> and 2, both offenses of violence, having found that the
>
> voluntary manslaughter is an offense of violence and is a felony

of the first degree, under a repeat violent offender specification I'm going to impose an additional sentence of nine (9) years in the custody of the Ohio Department of Rehabilitation and Correction."[3]

Thus, the trial court made the necessary findings under R.C. 2929.14(D)(2)(b) for imposition of an additional definite prison term in connection with Appellant's plea of guilt to the repeat violent offender specification.

{¶12} The additional finding contained in the trial court's sentencing entry related to the seriousness of the offense, and which Appellant complains of on appeal, was actually not required to be made under R.C. 2929.14(D)(2)(b). That finding is required when imposing an additional definite sentence on a repeat violent offender under R.C. 2929.14(D)(2)(a). R.C. 2929.14(D)(2)(a) provides that "[i]f division (D)(2)(b) of this section does not apply," the court may impose an additional definite prison term when certain criteria are met, one of which is found in R.C. 2929.14(D)(2)(a)(v), as mentioned by the trial court in its sentencing entry.

---

[3] Earlier in the sentencing hearing it was stated on the record that Appellant's previous offenses of violence occurred in 1996 and 2002, and thus fell into the 20 year period provided in R.C. 2929.14(D)(2)(b)(ii). Further, combining the two previous offenses with the current offense, Appellant has "three or more" offenses of violence as required under R.C. 2929.14(D)(2)(b)(ii).

However, here, R.C. 2929.14(D)(2)(b) applies and there was no need to comply with the separate requirements contained in R.C. 2929.14(D)(2)(a). As such, Appellant's sentence satisfies the first prong of *Kalish* and we now review his sentence for an abuse of discretion.

{¶13} As already discussed above, Appellant seems to argue that the trial court abused its discretion in failing to make express findings during the sentencing hearing regarding the seriousness of Appellant's actions, and also failed to take into consideration evidence of mitigating factors that was presented. As indicated under our analysis of the first prong of *Kalish*, a review of the record indicates that the trial court considered the appropriate statutory factors before sentencing Appellant and thus did not abuse its discretion when it sentenced Appellant.

{¶14} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio excised the portion of the sentencing statutes that required judicial fact-finding. "[T]rial courts now 'have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' " *State v. Adams*, 4th Dist. Nos. 04CA2959, 05CA2986, 2009-Ohio-6491, ¶

90; quoting *Foster* at paragraph seven of the syllabus.[4] "However, they must still consider R.C. 2929.11 and R.C. 2929.12 before imposing a sentence." *Adams* at ¶ 90; citing *Kalish* at ¶ 13. Further, we are mindful "this Court's function is not to evaluate the sentence and ask if we would have imposed a similar sentence, but, rather, to determine whether the trial court considered the statutory mitigating factors." *State v. Phillis*, 4th Dist. No. 08CA13, 2008-Ohio-6748, ¶ 15.

{¶15}  R.C. 2929.11(A) provides, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."[5]  R.C. 2929.12 requires the trial court consider the seriousness of the crime and the likelihood the offender will recidivate.

{¶16}  Here, the trial court properly considered the purposes of sentencing under R.C. 2929.11 and the seriousness of the offenses and Appellant's likelihood to recidivate under R.C. 2929.12. Specifically, during the sentencing hearing, the trial court noted Appellant's past criminal record, which included two serious felonies that were offenses of violence.  Further, the trial court stated:

---

[4] In stating this, we acknowledge that the General Assembly recently enacted H.B. 86, effective September 30, 2011, which amends R.C. 2929.14 and requires fact finding for consecutive sentences.  The amendment, however, does not apply to Appellant, who was sentenced on June 8, 2010, prior to the effective date of H.B. 86.  See *State v. Anderson*, 4th Dist. No. 10CA44, 2012-Ohio-3245, ¶ 14.
[5] Former version of R.C. 2929.11.

"I find without the repeat violent offender specification that the

prison terms available to this Court are inadequate to punish the

offender and protect the public from future crime.  I find with

his prior sentence that there is a likelihood of recidivism in this

case."

The trial court further stated that it had "reviewed the principles and rules

associated with sentencing in the State of Ohio and the factors associated

with that contained in 2929 of the Ohio Revised Code."  Additionally, the

trial court's sentencing entry states that the court

"considered the record, oral statements, any victim statement

prepared, as well as the principles and purposes of sentencing

under the Ohio Revised Code section 2929.11, and has

balanced the seriousness and recidivism factors [sic] Ohio

Revised Code section 2929.12, including (B) (C) (D) & (E),

and considered these facts in O.R.C. Section 2929.13(B)."

{¶17}  Finally, with regard to Appellant's argument that the trial court

failed to consider mitigating factors in rendering sentence, nothing in the

record suggests that the trial court failed to consider evidence presented by

Appellant on the issue of mitigation. Thus, Appellant's argument goes more

to the weight the trial court assigned to that evidence, rather than to the trial

court's consideration of the evidence.  Such a claim has no merit.  See *State v. Hurst*, 4th Dist. No. 10CA33, 2012-Ohio-2465, ¶ 31.

{**¶18**}  As Appellant's sentence was not contrary to law and the trial court considered the appropriate statutory factors and made the necessary findings prior to imposing sentence, we find the trial court did not abuse its discretion in sentencing Appellant. Accordingly, we overrule Appellant's sole assignment of error.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs herein be taxed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
          Exceptions.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.


For the Court,

BY:      _____
              Matthew W. McFarland
              Presiding Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**